**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALEX GARCIA ENTERPRISES, INC.,**

        **Plaintiff,**

**v.**                                     **Case No:  6:14-cv-509-Orl-36DAB**

**FLORIDA MUSIC FESTIVAL,**
**NATIONAL ACADEMY OF**
**RECORDING ARTS & SCIENCES and**
**SONICBIRDS, INC.,**

        **Defendants.**

_____

## ORDER

This cause comes before the Court upon the Report and Recommendation ("R&R") filed by Magistrate Judge David A. Baker on April 2, 2014.  (Doc. 3.)   In the Report and Recommendation, Magistrate Judge Baker recommends denying Plaintiff Alex Garcia Enterprises, Inc.'s ("Garcia") motion to proceed *in forma pauperis* (Doc. 2, "Application to Proceed in District Court Without Prepaying Fees or Costs") and dismissing the case for failure to state a claim.  *Id.* Garcia filed an objection to the Report and Recommendation on April 16, 2014 ("Objections"). (Doc. 9.).  Accordingly, this matter is ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to . . . proposed findings and recommendations."  Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990).  The district judge may accept, reject, or

modify in whole or in part, the report and recommendation of the magistrate judge.  Fed. R. Civ.

P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the

magistrate judge with further instructions.  *Id.*  The district judge reviews legal conclusions de

novo, even in the absence of an objection.  *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604

(11th Cir. 1994).

## DISCUSSION

The Magistrate Judge correctly notes that Garcia, a corporation, is not allowed to proceed

before this Court without counsel in this breach of contract and torts action.  Doc. 3 at 4; Doc. 1.

Specifically, Local Rule 2.03(e) provides that "A corporation may appear and be heard only

through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02."  *See* L.R.

2.03(e).[1]  In Garcia's Objections, Garcia takes issue with this requirement that corporations cannot

proceed *pro se*, arguing that both the rule and the holding in a court decision, *In Re Highley*, 459

F.2d 554 (9th Cir. 1972), are unconstitutional.  Doc. 9 at 4-6.  Garcia argues that these laws are

unconstitutional because they "deprive small business owners of the same rights and privileges

held by other corporations pursuant to the Privileges and Immunities Clause of Article IV, Section

2, Clause 1 of the U.S. Constitution (i.e. the Comity Clause).  Furthermore, [these laws] violate

the Equal Protection Clause and Due Process Clause of the Fifth and Fourteenth Amendments (of

the U.S. Constitution) because of its discriminatory effect and disparate impact upon small

business owners who seek federal assistance from the Small Business Administration (SBA)."  *Id.*

at 5-6.

---

[1] Although the Magistrate Judge cited to Local Rule 2.03(d), the correct cite is to subsection (e) of Local Rule 2.03.

The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel.   *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).   This general rule applies even where the person seeking to represent the corporation is its president and major stockholder.   *Id.* ("the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation.").   This rule has its roots in 28 U.S.C. § 1654, which provides that: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."   Because corporations are fictional entities that can act only through their agents, courts have uniformly considered them incapable of conducting litigation "personally" within the meaning of section 1654.   *Reshard v. Britt*, 839 F.2d 1499, 1502 (11th Cir. 1988).   Therefore, the right of self representation found in section 1654 has no application where the party in question is a corporation.   *Id.*   Accordingly, courts have required that corporations proceed in federal court as they are obliged by their nature to proceed in other spheres: through their agents.   *Id.*

Courts then had to decide whether they would permit any corporate agent, whether he be an attorney or a nonattorney, to appear in court on the corporation's behalf.   *Id.*   This separate issue relates not to some unarticulated policy underlying section 1654, but rather to the urgent need of the courts to be able to control the conduct of the parties before them.   *Id.*   Proceeding from the notion that attorneys are more readily subject to court discipline, the courts developed a prophylactic rule under which corporations are required to appear through attorney rather than nonattorney agents.   *Id.*   The Eleventh Circuit has explained that "this rule ensures that a licensed attorney, an officer of the court, is responsible for conducting the corporation's litigation. It

protects the court and the public from unscrupulous and irresponsible behavior." *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1984).  The rule that a corporation must proceed through an attorney is primarily a supervisory power rule that has been specially fashioned for the specific context in which it is applied.  *See Reshard*, 839 F.2d at 1503.

Here, Garcia has asserted a Due Process Clause violation.[2]  While it is true that a Due Process challenge to Local Rule 2.03 can be fashioned as an argument about the constitutional right of access to the court, Garcia does not explicitly make that argument here.  *Id.* ("The theory underlying this right is based on due process: the government, having made access to the courts an entitlement or a necessity, . . . may not deprive someone of that access unless the balance of [government] and private interests favors the government scheme.") (internal citations and quotations omitted).  Moreover, Garcia is not being denied the right of access to the courts.  The Court has simply imposed the requirement that Garcia access the courts through a licensed attorney.  All corporations, large or small, must comply with this requirement.  Therefore, Garcia's conclusory Due Process argument as well as his argument that this rule "deprive[s] small business owners of the same rights and privileges held by other corporations," without explanation, must fail.  Moreover, the Eleventh Circuit has stated that, "in cases involving the question of *pro se* representation, the balance would often tip in favor of the governmental interests at stake. The federal judiciary has a strong interest in ensuring that its processes function efficiently and are not abused.  We have in the past had to deal with *pro se* litigants who, for example, continually made

---

[2] Garcia also argues, in a conclusory fashion, that Local Rule 2.03(e) violates the Equal Protection Clause and has a discriminatory effect and a disparate impact on small business owners.  Garcia has failed to provide any support for this argument and the Court finds it to be without merit.

unwarranted personal attacks on the court and opposing counsel, repeatedly misled the court as to the state of the record, and raised frivolous motions and objections.  To prevent such abuses, a federal judge has inherent power to order the litigant to obtain counsel. This power ultimately derives from article III: federal courts would be incapable of functioning were they not vested with the authority necessary to prevent abuse of their processes." *Id.*

Additionally, the Magistrate Judge accurately points out that this action arises out of the treatment by the Florida Grammys Showcase of one of the songs of an individual, Ronald Emrit, who is affiliated with Garcia. This individual's claims have not been alleged to be associated with Garcia. *Id.*  The Court also agrees with the Magistrate Judge that, in any event, the individual's contract claim is a state-law claim which does not meet the amount in controversy requirement to enable diversity of citizenship jurisdiction in federal court and that the tort claims do not state a cause of action. *Id.*  Further, some of the state tort claims are barred by the statute of limitations.

Garcia also argues that it has not consented to having its claims heard before a Magistrate Judge.  *See* Doc. 9 at 2.  However, Rule 72(b)(1) is clear.  A magistrate judge merely makes findings and recommendations to the district judge on pretrial matters that are dispositive of a claim.  In this instance, the parties' consent is *not* required.  As noted above, the district judge then reviews *de novo* those portions of the magistrate judge's recommendation that have been objected to and then independently accepts, rejects, or modifies the magistrate judge's recommended disposition based upon this *de novo* assessment of the case.  *See* Fed. R. Civ. P. 72(b)(3). Accordingly, Garcia's objection here has no merit.

Garcia next argues that Magistrate Judge Baker should be recused from this case because of a pending action that it has against The Orlando Sentinel newspaper (and possibly an Orlando Sentinel journalist). According to Garcia, there is a 2002 article in that newspaper reporting that a

lawyer called Magistrate Judge Baker the "gold standard for federal magistrates."  Doc. 9 at 2-3. It is wholly unclear how a newspaper article about what a third party has said about a judge would implicate the newspaper in any bias towards that judge.  Garcia has not demonstrated any bias in that regard.  Therefore, that argument fails.  Garcia further avers that Magistrate Judge Baker is biased against it because it is a small business owner and Magistrate Judge Baker has a financial interest in five presumably larger companies such as IBM.  Doc. 9 at 3-4.  It is equally unclear how any financial interest Judge Baker may have in a few large companies translates into a bias *against* small companies in court.  Again, Garcia has not even attempted to establish bias in this regard.   Garcia has not provided this Court with any specific instances of bias. The Court notes that Garcia's Motion for Recusal of Magistrate Judge Baker (Doc. 11), which raised these same arguments, was denied.  Doc. 12.

Thus, after careful consideration of the Report and Recommendation of Magistrate Judge Baker, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 3) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review;

2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

3. This action is **DISMISSED** for failure to state a claim within this court's limited jurisdiction.

4. The Clerk is directed to terminate all motions and deadlines and close this file.

**DONE** and **ORDERED** in Orlando, Florida on May 27, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge David A. Baker